UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

---

UNIVERAL PROTECTION SERVICE, LP,
d/b/a ALLIED UNIVERSAL,
        Plaintiff,

v.

PROSEGUR SECURITY USA, *et al.*,
        Defendants.

Court File No.: 5:23-CV-00802

---

## STIPULATED INJUNCTION AND FINAL JUDGMENT

IT IS STIPULATED AND AGREED by Plaintiff Universal Protection Services, LP d/b/a Allied Universal Security Services ("**Allied Universal**"), and Defendants Prosegur Security USA ("**Prosegur**"), David Schiller ("**Schiller**"), Felicia Solis-Ramirez ("**Solis-Ramirez**"), Samantha Sanchez ("**Sanchez**"), Roy Vallejo ("**Vallejo**"), Savannah Krieger ("**Kriger**"), Arturo Cruz ("**Cruz**") and Tennille Gray ("**Gray**") (collectively, the "**Defendants**"), by and through their attorneys of record, that, in connection with the resolution of the matters at issue in this action, Allied Universal and Defendants consent to the entry of this Agreed Injunction and Final Judgment (the "**Agreed Injunction**"). Allied Universal and Defendants may be collectively referred to as the "**Parties**."

1. **Definitions.**
   A. The term "**Allied Universal**" means Plaintiff Universal Protection Service, LP d/b/a Allied Universal Services Security Services, and shall include any and all past and present parent, subsidiary, affiliate, predecessor, and/or successor companies, if any, as well as its divisions, joint ventures, and entities or individuals acting under, by, through, or in concert with Allied Universal, including Allied Universal's present owners, officers, directors,

1

shareholders, general or limited partners, board members, owners, employees, contractors, insurers, agents, and attorneys, and/or agents and their respective predecessors, successors, and assigns, if any.

B. The term "**Plaintiff**" means Allied Universal.

C. The term "**Prosegur**" means Defendant Prosegur Services Group, Inc., and any of its predecessors, successors or assigns, and all of its officers, directors, employees, agents, attorneys, and representatives, and all other persons acting or purporting to act on behalf of any of them.

D. The term "**Schiller**" means Defendant Dave Schiller

E. The term "**Gray**" means Defendant Tennille Gray.

F. The term "**Solis-Ramirez**" means Defendant Felicia Solis-Ramirez.

G. The term "**Vallejo**" means Defendant Roy Vallejo.

H. The term "**Sanchez**" means Defendant Samantha Sanchez.

I. The term "**Kriger**" means Defendant Savannah Krieger.

J. The term "**Cruz**" means Defendant Arturo Cruz.

K. The term "**Individual Defendants**" refers to Schiller, Gray, Solis-Ramirez, Vallejo, Sanchez, Cruz, and Kriger.

L. The term "**Proprietary Information**" shall include, but is not limited to: (a) the name or address of any prospective client or client or any information concerning the transactions or relations of any client with Allied Universal; (b) any pricing, marketing, sales or contractual relationships with prospective clients, clients or referral sources; (c) any information concerning any product, service, methodology, analysis, presentation, technology or procedure employed by Allied Universal but not generally known to its

clients or competitors, or under consideration or development by or being tested by Allied Universal but not at the time offered generally to clients or affiliates of Allied Universal; (d) any other information which Allied Universal has reasonably determined to be confidential or proprietary; and (e) all written, graphic, electronic, and other material relating to any of the foregoing. Information that is not novel or copyrighted or patented may nonetheless be Proprietary Information.

M. The term "**Restricted Customer**" means, with regard to each Individual Defendant: (a) any customer or prospective customer of Allied Universal with whom that Individual Defendant had contact or communications at any time during that Individual Defendant's last twelve (12) months as an Allied Universal employee; (b) any customer of Allied Universal for whom that Individual Defendant supervised the Allied Universal account or dealings at any time during that Individual Defendant's last twelve (12) months as an Allied Universal employee; and/or (c) any customer or prospective customer of the Allied Universal about whom that Individual Defendant obtained any Confidential Information (defined below) during that Individual Defendant's last twelve (12) months as an Allied Universal employee.

N. The term "**Confidential Information**" means all confidential, proprietary or business information related to Allied Universal's business that was furnished to, obtained by, or created by Individual Defendant(s) during Individual Defendant(s) employment with Allied Universal and which could be used to harm or compete against Allied Universal. Confidential Information includes, by way of illustration, such information relating to: (1) Allied Universal's formulae and processes used to calculate and negotiate prices to be charged to customers; (b) employee wage and other personnel information; (c) Allied

Universal customers, including customer lists, preferences, contact information, contractual terms, price, and billing histories; (d) Allied Universal's finances, including financial statements, balance sheets, sales data, forecasts, and cost analyses; (e) Allied Universal's plans and projections for business opportunities for new or developing business, including marketing concepts and business plans; (f) Allied Universal's research and development activities, technical data, computer files, and software; and (g) Allied Universal's operating methods, business processes and techniques, services, products, prices, costs, service performance, and operating results.

2. **Preliminary Stipulations.**

   A. This Agreed Injunction is being entered consistent with the agreements and stipulations of the Parties. The Parties stipulate, and the Court finds based on such stipulation, that this Court has jurisdiction over the subject matter of this action and over the Parties for purposes of the entry of this Agreed Injunction, that venue is proper, and that all substantive and procedural prerequisites to the entry of this Agreed Injunction, as well as its enforceability under and/or compliance with the Federal Rules of Civil Procedure, have been met and/or are waived by the Parties.

   B. The Court finds that the limited restrictions set forth in this Order are reasonable in time, and geographic scope; necessary for the prevention of irreparable harm to Allied Universal in light of the allegations made in this action; will not unduly harm Defendants; and are not injurious to the public interest.

   C. The entry of this Agreed Injunction resolves all demands for monetary damages, injunctive relief, or other relief, whether at law or in equity of any nature whatsoever, that were or might have been asserted in this matter.

D. The Parties stipulate that this Agreed Injunction may be entered without Findings of Fact and Conclusions of Law and waive all rights to request such findings or conclusions.

3. **<u>Injunctive Relief.</u>**

Based upon the stipulations of the Parties as well as the findings here, the Court is of the opinion and finds that this Stipulated Injunction should be entered. It is, therefore:

A. **ORDERED** that each Individual Defendant, and other persons who are in active concert or participation with them as described in Rule 65(d)(2)(A) or (B), shall not, directly or indirectly, solicit, encourage, cause or attempt to cause any Restricted Customer to purchase any services or products from any business other than Allied Universal that are competitive with or a substitute for the services or products offered by Allied Universal. These restrictions shall remain in place as follows:

   a. For Defendant Schiller, this restriction shall remain in place until September 1, 2025;

   b. For Defendant Gray, this restriction shall remain in place until December 6, 2024;

   c. For Defendant Solis-Ramirez, this restriction shall remain in place until June 14, 2025;

   d. For Defendant Sanchez, this restriction shall remain in place until June 23, 2025;

   e. For Defendant Vallejo, this restriction shall remain in place until July 6, 2025;

   f. For Defendant Kriger, this restriction shall remain in place until July 6, 2025;

   g. For Defendant Cruz, this restriction shall remain in place until July 7, 2025; it is further

B. **ORDERED** that, for the periods set forth in Paragraph 3A, above, in the event Prosegur enters into a contract or other business relationship for the providing of security services

to a Restricted Customer, Defendants Solis-Ramirez, Kriger, Sanchez, Vallejo, Gray and Cruz shall have no role in the management, supervision, servicing, operations or oversight of any such client. With respect to Defendant Schiller, and in light of his position as a Prosegur Regional Vice President overseeing the central part of the United States, nothing herein shall have the effect of preventing Defendant Schiller from performing managerial, operational, and administrative tasks relating the oversight of his territory, so long as he plays no role in the solicitation process for a Restricted Customer; it is further

C. **ORDERED** that, for the periods set forth in Paragraph 3A, above, each Individual Defendant, and other persons who are in active concert or participation with them as described in Rule 65 (d)(2)(A) or (B), shall not, directly or indirectly, (i) hire, engage as an employee or independent contractor any person currently employed by Allied Universal; (ii) be involved in the recruiting, interviewing, or the making hiring-related decision processes any person currently employed by Allied Universal; or (iii) encourage or attempt to encourage any person currently employed by Allied Universal to leave his or her employment. However, nothing herein shall have the effect of preventing Defendant Gray from performing administrative tasks relating to the hiring of individuals currently employed by Allied Universal, so long as she provides no information to Prosegur regarding any such hires and plays no role in encouraging such hires to apply for employment with Prosegur or accept any offer of employment with Prosegur; it is further

D. **ORDERED** that until September 1, 2028, each Individual Defendant and each of their officers, agents, servants, employees, attorneys, and other person who are in active concert or participation with them as described in Rule 65 (d)(2)(A) or (B), shall (a) keep strictly confidential and not disclose to any person not employed by Allied Universal any

Confidential Information; and (b) shall not use for any person or entity other than Allied Universal any Confidential Information; it is further

E. **ORDERED** that, until December 31, 2023, Defendant Schiller and other persons who are in active concert or participation with him as described in Rule 65(d)(2)(A) or (B), shall not, directly or indirectly, sell, broker, provide, or arrange for the provision of security-related services or the sale of security-related products to any person or entity located in Austin-Round Rock-Georgetown, Texas Metropolitan Statistical Area, nor assist others in doing the same; it is further

F. **ORDERED** that, until June 14, 2025, Defendant Solis-Ramirez and other persons who are in active concert or participation with her as described in Rule 65 (d)(2)(A) or (B), shall not, directly or indirectly, sell, broker, provide, or arrange for the provision of security-related services or the sale of security-related products to any person or entity located in the San Antonio Metropolitan Statistical Area. However, nothing herein shall have the effect of preventing Defendant Solis-Ramirez from continuing to perform her current job responsibilities with respect to the providing of security monitoring services to certain Microsoft locations in Brazil, Chile and Mexico; it is further

G. **ORDERED** that, until June 23, 2025, Defendant Sanchez and other persons who are in active concert or participation with her as described in Rule 65 (d)(2)(A) or (B), shall not, directly or indirectly, sell, broker, provide, or arrange for the provision of security-related services or the sale of security-related products to any person or entity located in the San Antonio or Dallas Metropolitan Statistical Area. However, nothing herein shall have the effect of preventing Defendant Sanchez from continuing to perform her current job

responsibilities with respect to the providing of security monitoring services to certain Microsoft locations in Brazil, Chile and Mexico.; it is further

H. **ORDERED** that, until July 6, 2025, Defendant Vallejo and other persons who are in active concert or participation with him as described in Rule 65 (d)(2)(A) or (B), shall not, directly or indirectly, sell, broker, provide, or arrange for the provision of security-related services or the sale of security-related products to any person or entity located in the San Antonio Metropolitan Statistical Area. However, nothing herein shall have the effect of preventing Defendant Vallejo from continuing to perform his current job responsibilities with respect to the providing of security monitoring services to certain Microsoft locations in Brazil, Chile and Mexico; it is further

I. **ORDERED** the Individual Defendants shall not, directly or indirectly, use for their own purpose or for the benefit of any person or entity, nor otherwise disclose, any Proprietary Information to any individual or entity, nor otherwise disclose, any Proprietary Information to any individual or entity, unless such disclosure has been authorized in writing by Allied Universal or is otherwise required by law; it is further

J. **ORDERED** that Individual Defendants shall cooperate in a reasonable forensic review overseen by counsel for the parties of their personal electronic devices and email accounts to ensure that they are no longer in possession of any Proprietary Information belonging to Allied Universal and that they have not shared any Proprietary Information with any other person or entity; it is further

K. **ORDERED** that, until September 1, 2025, all Defendants, and other persons who are in active concert or participation with them as described in Rule 65(d)(2)(A) or (B), shall not (i) initiate contact with HEB Grocery Company, LP ("HEB") or NBCUniversal Telemundo

Enterprises ("Telemundo") for the purposes of soliciting the sale or provision of security or security-related goods or services or (ii) accept such work or otherwise provide security or security-related goods or services to HEB or Telemundo. However, nothing herein shall prohibit Prosegur from continuing to perform work it is currently performing for Telemundo outside of the United States.

4. **Bond.**

The Parties stipulate that no bond shall be required from Allied Universal in connection with the entry of this Agreed Injunction, and that this Agreed Injunction shall have the full force and

effect as if a bond had been posted.

5. **Retention of Jurisdiction.**

The Parties may apply to this District Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of this Agreed Injunction and Final Judgement or any of its provisions, or for the enforcement of compliance therewith and the punishment of violations thereof.

Prior to initiating such petition or action, a Party will provide notice, in writing to the breaching Party, specifying the provision or provision of this Agreed Injunction and Final Judgment with which the breaching Party has allegedly failed to comply. The allegedly breaching Party Shall have fourteen (14) days from receipt of the notice of the alleged failure to comply to attempt to address, resolve or cure the alleged failure to comply.

6. **Other Relief.**

All of Allied Universal's claims are dismissed with prejudice to the refiling of same, with Defendants jointly and severally bearing the costs and expenses incurred by Plaintiff Allied Universal, including attorney fees. All other relief not expressly granted herein is DENIED.

SO ORDERED on this 15th day of September, 2023.

_____
Honorable Elizabeth S. Chestney
United States Magistrate Judge

**AGREED AS TO FORM:**

**UNIVERAL PROTECTION SERVICES, LLC D/B/A ALLIED UNIVERSAL SECURITY**

By: _Deborah Pucci_

Its: EVP/Global Employment and Litigation Coun

Date: 9/13/2023

**PROSEGUR SECURITY USA, INC**

By: _Giuliana Campbell_

Its: Sr. Director, Employee & Labor Relations

Date: Sep 13, 2023

10

**DAVID SCHILLER**

By: *Dave Schiller*

Date: Sep 12, 2023

**FELICIA SOLIS-RAMIREZ**

By: *Felicia M. Solis-Ramirez*

Date: Sep 11, 2023

**TENNILE GRAY**

By: *Tennille Gray*

Date: Sep 12, 2023

**SAMMANTHA SANCHEZ**

By: *Samantha R Sanchez*

Date: Sep 12, 2023

**ROY VALLEJO**

By: *Roy Vallejo*

Date: Sep 12, 2023

**SAVANNAH KRIEGER**

By: *Savannah Krieger*

Date: Sep 11, 2023

**ARTURO CRUZ**

By: *[signature]*

Date: Sep 11, 2023

11

**AGREED AS TO FORM:**

*DocuSigned by:*
*Kelly Eisenlohr-Moul*
—159B29061AE0490—

Kelly E. Eisenlohr-Moul (24112896)
keisenlohr-moul@martensonlaw.com
Matthew Crawford (PHV)
mcrawford@martensonlaw.com
Alex Yeung (PHV)
ayeung@martensonlaw.com
MARTENSON HASBROUCK SIMON, LLP
500 Davis St.; Ste 1003
Evanston, IL 60201

*Counsel for Plaintiff Allied Universal*

*Carlos J. Burruezo*
boxsign  1VWZP44-1XRV2WRZ

Brian R. Gilchrist (07904795)
bgilchrist@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

Carlos J. Burruezo, Esq. (Pro Hac Vice)
carlos@burruezolaw.com
BURRUEZO & BURRUEZO, PLLC
5550 W. Executive Dr. #250
Tampa, Florida 33609
Office: 407.754.2904
Facsimile: 407.754.2905